JOHN W. BERGEN, Plaintiff, *v.* EVANS WARD et al., Constituting the Westchester County Playland Commission, et al., Defendants.

Supreme Court, Special Term, Westchester County, June 28, 1947.

*Anthony Sansone* for plaintiff.

*Harry G. Herman, County Attorney (Ogden C. Noel* of counsel), for defendants.

BAILEY, J. This is a motion to dismiss the complaint upon the ground that the cause of action did not accrue within the time limited by law for the commencement thereof. The action is for personal injuries sustained on July 14, 1946, and was instituted on March 20, 1947.

Section 10 of chapter 826 of the Laws of 1940, as amended by chapter 777 of the Laws of 1941, known as the Playland Act, prescribes a six-month limitation for the maintenance of the action but prevents commencement thereof until the expiration of three months after service of a notice upon the county attorney.

Plaintiff contends that the three-month waiting period is to be excluded from the computation of the six-month limitation and that his action, commenced within nine months, is timely.

Section 24 of the Civil Practice Act provides that the time of continuance of a statutory stay is not to be included in computing the limitation period for the commencement of the action. A statute of limitations should not begin to run against a suitor until he has been afforded opportunity to sue. Nor does his cause of action accrue until its enforcement becomes possible. (*Jacobus* v. *Colgate,* 217 N. Y. 235, 245.)

Nevertheless, defendants contend, section 50-e of the General Municipal Law abolished the waiting period and the action, not being commenced within six months, is barred. This section provides for filing of a notice of claim within sixty days and dispenses with the necessity of any other notice, including a notice of intention to sue. Defendants argue that the words "said notice" in the Playland Act refer to the notice of intention to sue, not to the filing of the verified claim, and since requirement of the former has been abolished the waiting period has consequently been nullified. This involves a technical construction and requires a literal interpretation of the act.

Section 50-e of the General Municipal Law does not abolish in so many words the waiting period requirement although it specifically abolishes the requirement of a notice of intention. It is reasonable to assume that one requirement was as prevalent as the other in the various local statutes comprehended by this

section. In the absence of an express abolition it does not appear reasonable to imply one. Statutes are to be strictly construed and not extended in application by the courts. Nor should the courts invoke a cancellation of a part of one statute by another in the absence of a clear legislative expression of such intention.

The very section under consideration is entitled " Notice of claim " and indicates the interchangeable application of notice to the claim and the intention to sue. The verified claim is commonly considered a notice of claim. A reasonable construction of the Playland Act would refer the waiting period to the filing of the claim as well. Likewise, a reasonable interpretation of the General Municipal Law would not indicate an intention to deprive municipalities of their opportunity to investigate and settle claims made against them. Abolition of the waiting period would permit immediate institution of legal action and destroy the efficacy of the verified claim which would be superseded by the service of a complaint. Motion denied. Submit order.